IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 21 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| CHRISTOPHER LOUIS CONDE, | § |
| | § |
| Movant, | § |
| | § |
| VS. | § NO. 4:19-CV-678-A |
| | § (NO. 4:17-CR-057-A) |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Christopher

Louis Conde, to vacate, set aside, or correct sentence under 28

U.S.C. § 2255. The court, having considered the motion, the

government's response, the record, including the record in the

underlying criminal case, No. 4:17-CR-057-A, styled "United

States v. Johnny Flores, et al.," and applicable authorities,

finds that the motion should be denied.

I.

## Background

Information contained in the underlying criminal case

discloses the following:

On April 12, 2017, movant was named in a one-count

indictment charging him and a co-defendant with conspiracy to

possess with intent to distribute a mixture and substance

containing a detectable amount of methamphetamine, in violation

of 21 U.S.C. § 846. CR Doc.[1] 15. Movant absconded and a warrant was issued for his arrest. CR Doc. 37. Movant was arrested almost a year later. CR Doc. 74. On March 15, 2018, he was named in a one-count superseding information charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine. CR Doc. 78.

On March 28, 2018, movant appeared before the court with the intent to enter a plea of guilty to the offense charged by the superseding information without benefit of a plea agreement. CR Doc. 81. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 84. They also signed a waiver of indictment. CR Doc. 83. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty

---

[1]The "CR Doc.___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-057-A.

plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 112.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 88, ¶ 27. He received a two-level increase for importation of methamphetamine, id. ¶ 28, and a two-level increase for obstruction of justice, id. ¶ 31. Based on a total offense level of 36 and a criminal history category of I, his guideline imprisonment range was 188 to 235 months. Id. ¶ 84. Movant filed objections, CR Doc. 90, a motion for downward departure based on U.S.S.G. 3B1.2, CR Doc. 91, and a motion for downward departure and/or variance pursuant to 18 U.S.C. § 3553(a), CR Doc. 92. The probation officer prepared an addendum to the PSR, CR Doc. 93, and movant again objected, CR Doc. 106. The probation officer prepared a second addendum to the PSR, recognizing that movant met the requirements for the safety valve, giving him an offense level of 34 and a guideline imprisonment range of 151 to 188 months. CR Doc. 99.

On August 31, 2018, movant was sentenced to a term of imprisonment of 151 months. CR Doc. 104; CR Doc. 113. He did not appeal.

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion, worded

as follows:

> **GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO
> AND AFTER CHANGE OF PLEA HEARING.

Doc.[2] 1 at Page ID[3] 4.

> **GROUND TWO:** INEFFECTIVE ASSISTANCE OF COUNSEL DURING
> SENTENCING STAGE OF PROSECUTION.

Id. at PageID 5.

III.

Standards of Review

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted. United States v. Frady, 456 U.S.

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32

(5th Cir. 1991). A defendant can challenge his conviction or

sentence after it is presumed final on issues of constitutional

or jurisdictional magnitude only, and may not raise an issue for

the first time on collateral review without showing both "cause"

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the type-written page numbers on the form used by movant are not the actual page numbers of the document.

for his procedural default and "actual prejudice" resulting from the errors.  <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996).  Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."  <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u>

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first ground, movant alleges that his attorney assured movant that he would challenge the importation

6

enhancement and the purity of the drugs if movant pleaded guilty.

Doc. 1 at PageID 4. He believes that, had his attorney done so,

he would have been subject to a sentencing range of 97 to 121

months and have received a sentence of 30 to 54 months less than

what he received. Id. Of course, the premise of this ground is

faulty, as movant's attorney did challenge the both the

importation enhancement and the purity of the drugs. CR Doc. 90;

CR Doc. 106. Movant persisted in these objections at sentencing

and they were overruled. CR Doc. 113. There is simply no merit to

this ground.

In his second ground, movant asserts that his counsel was

ineffective at sentencing by failing to establish that movant was

a minor participant. He also says his counsel failed to present

evidence to establish his childhood abuse to show his diminished

capacity. Doc. 1 at PageID 5. Again, movant is mistaken about

what his counsel did. Counsel filed a motion for departure based

on movant's role in the offense. CR Doc. 91. And, he filed a

separate motion seeking a downward departure based on movant's

lack of criminal history, his childhood history of instability

and abuse, and his long-standing struggles with addiction. CR

Doc. 92. Thus, counsel did bring to the court's attention the

matters movant says were crucial. In any event, movant does not

say what additional evidence should have been presented or how it

would have made a difference. He offers nothing but conclusory allegations, which are insufficient to entitle him to relief. Miller, 200 F.3d at 282.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 21, 2019.

JOHN McBRYDE
United States District Judge